J-S19031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AMIN L. OWENS | : | |
| | : | |
| Appellant | : | No. 1834 MDA 2016 |

Appeal from the Order Entered September 23, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001748-2010

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED APRIL 28, 2017**

Amin Owens ("Appellant") appeals *pro se* from the order entered in the Court of Common Pleas of Lancaster County dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We previously set forth the factual and procedural history of Appellant's case in our decision, **Commonwealth v. Owens**, No. 1958 MDA 2015, unpublished memoranda (Pa.Super. filed July 19, 2015), in which we affirmed the PCRA court's order dismissing Appellant's timely-filed first PCRA petition on the merits.  For purposes of reviewing this, Appellant's second, petition for PCRA relief, it suffices to recount that his judgment of sentence

_____

[*] Former Justice specially assigned to the Superior Court.

became final on February 17, 2014, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and he did not petition the United States Supreme Court for a writ of *certiorari*. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13.

Appellant filed the present petition on August 15, 2016, two and one-half years after his judgment of sentence became final. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, and Appellant filed no response.[1] On October 31, 2016, the PCRA court entered its order dismissing Appellant's petition. This timely appeal followed.

In his appellate brief, Appellant presents the following "Statement of Questions Involved":

> **1. [DID] THE PCRA COURT ABUSE[] ITS DISCRETION AND COMMIT[] A PROCEDURAL ERROR WHEN THE COURT DISMISSED APPELLANT'S SECOND *PRO SE* POST CONVICTION RELIEF ACT [PETITION] BECAUSE IT FOUND THE PETITION TO BE UNTIMELY[?]**

---

[1] Prior to the PCRA court's entry of a final order dismissing the present petition, Appellant filed a purported notice of appeal from the "decision denying his Second PCRA Petition on September 23, 2016, pursuant to Pennsylvania Rule of Criminal Procedure, Rule 907." The PCRA court took notice of this filing in its October 31, 2016, order directing that Appellant's notice of appeal had been perfected by operation of Pa.R.A.P. 905(a)(5) when the court's simultaneously-filed order dismissed his PCRA petition. The PCRA court further explicated that it had dismissed Appellant's PCRA petition for lack of jurisdiction, as he failed to plead and prove any of the exceptions set forth in Section 9545(b)(1)(i-iii).

     **2. [DID] THE PCRA COURT ERR[] WHEN IT DISMISSED THE PETITION WITHOUT DIRECTING APPELLANT TO FILE AN AMEND[ED] PETITION[?]**

     **3. [DID] THE PCRA COURT ERR[] WHEN IT FAILED TO REVIEW AND DIRECT THE ATTORNEY GENERAL['S] OFFICE TO ANSWER THE SUBSTANTIAL QUESTION RAISED [IN] THE SECOND POST CONVICTION RELIEF ACT PETITION[?]**

Appellant's brief (unpaginated).

Our standard of review of the dismissal of a PCRA petition is as follows:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

We begin by addressing the timeliness of Appellant's instant PCRA petition.

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner

raises questions of law, our standard of review is *de novo* and our scope of review plenary.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3)....

***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (case citations and some quotation marks omitted).

Under this authority, Appellant's present petition is patently untimely.[2] An untimely PCRA petition may be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[2] Appellant argues that his petition is timely under 42 Pa.C.S.A. § 9545(b)(3), which delineates when a judgment of sentence becomes final for purposes of determining the time for filing one's petition as follows:

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b)(3).

Insofar as Appellant argues that his second PCRA petition was timely because he filed it within one year after the denial of his first PCRA petition, he misconstrues the significance of this section. As noted above, Appellant's judgment became final, for purposes of PCRA review, upon the expiration of the 90-day period to appeal the Pennsylvania Supreme Court's order denying review of this Court's order affirming judgment of sentence.

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Appellant asserts no claim coming under any of the three timeliness exceptions under Section 9545(b)(1). Appellant first contends that the PCRA court should have treated his second petition as an amendment to his timely-filed first petition because the court was familiar with his case, having decided his prior appeals, and could have viewed the present petition as simply an extension of his first petition.

A serial petition for post-conviction relief may not be considered an amendment to a timely-filed first petition, however, unless the first petition is pending. *Commonwealth v Swartzfager*, 59 A.3d 616, 619 (Pa.Super.

2012) (citing **Commonwealth v. Flanagan**, 854 A.2d 489, 499 (Pa. 2004)). "In the absence of a final ruling on a timely-filed first PCRA petition, another petition for post-conviction relief can be considered an amended first timely petition." **Swartzfager**, **supra**. Because the PCRA court issued a final ruling on Appellant's first PCRA petition on October 16, 2015, over one year before Appellant filed the present petition, the PCRA court could not consider Appellant's present petition as an amended petition.

Nor is an exception implicated in Appellant's argument that the PCRA court should have accepted and considered his prematurely-filed notice of appeal as a cogent response to the court's Pa.R.Crim.P. 907 notice. Specifically, Appellant's notice of appeal contained a claim that his second petition was timely under the PCRA because he filed it within one year after the disposition of his timely first PCRA petition. Had the PCRA court considered this claim as a response to the 907 notice of dismissal, Appellant maintains, it would have been compelled to accept the petition as timely filed.

As we explained in footnote 2, *supra*, Section 9545(b)(3) affords no relief to Appellant in this regard. Accordingly, we discern no error with the PCRA court's determination that Appellant failed to plead and prove that his patently untimely serial petition qualified for a Section 9545(b)(1) exception to the timeliness provisions.

Appellant also alleges that reversible error occurred because the PCRA court's Rule 907 notice failed to direct him to file an amended petition. We

disagree. First, the court's 907 notice properly advised "[i]f you wish to file an amended petition or to otherwise respond to this Notice, you must do so within 30 days of the date of this Notice." PCRA Court's "Notice Pursuant to Pa.R.Crim.P. 907," filed 9/23/16. Second, this Court has recognized that "where the PCRA petition is untimely, the failure to provide such notice is not reversible error." *Commonwealth v. Lawson*, 90 A.3d 1, 5–6 (Pa.Super. 2014) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 n. 7 (Pa. 2000)). Therefore, Appellant's claim has no merit.

Finally, Appellant levels a general claim that the PCRA court violated his due process rights by dismissing his petition without a hearing. Again, there exists no connection between this due process claim and Appellant's failure to file a timely second PCRA petition. Moreover, to the extent this claim diverges into a discussion of underlying claims asserting the ineffective assistance of previous counsel, these claims, too, fail to involve a Section 9545(b)(1) exception to the PCRA's timeliness provisions. *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (holding allegations of ineffective assistance of counsel will not overcome PCRA jurisdictional timeliness requirements).

Order is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/28/2017</u>